[Civ. No. 453. First Appellate District.—July 1, 1908.]

FIACRO FISHER, Respondent, v. GEORGE FRANK, Doing Business as GEORGE FRANK & CO., Appellant.

NEGOTIABLE PAPER—ACTION ON ACCEPTED DRAFT—PAYMENT ON DE-LIVERY OF PRUNES SOLD—RECEIPTS—SUPPORT OF FINDING AND JUDGMENT.—The acceptance by the defendant as drawee of a draft drawn by the purchaser of prunes from the plaintiff, who became payee, and which was made payable in full on receipt by the drawee of prunes evidenced by two receipts specified, is, in effect, an agreement by the drawee to pay the sum stated upon delivery to him of the prunes represented by the two receipts; and in an action upon the accepted draft, which was paid in part by the drawee, where there is evidence, notwithstanding conflict therein, to support a finding that the prunes represented by such receipts were delivered to and received by the defendant, the finding cannot be disturbed, and the judgment for the balance due on the accepted draft in favor of the plaintiff must be affirmed.

ID.—PRESUMPTIONS FAVORING ACTION OF TRIAL COURT.—All presumptions are in favor of the correctness of the findings and conclusions of the trial court which heard the evidence and passed upon the order denying a new trial.

ID.—OMISSION IN FINDING—ANSWER AS TO NONDELIVERY OF WHOLE CROP—IMMATERIAL ISSUE.—The only issue material to the liability of the drawee upon the accepted draft being the delivery of the two receipts for prunes specified, an issue tendered in the answer as to nondelivery of the whole of plaintiff's crop of prunes cannot affect such liability, and a failure to find thereon is immaterial.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, for Appellant.

W. C. Kennedy, for Respondent.

COOPER, P. J.—This action was brought to recover upon a draft drawn in favor of W. C. Kennedy, accepted by defendant, and duly indorsed to plaintiff. The draft with its indorsements is as follows:

"San Jose, Cal., Sept. 16th, 1904.

"On receipt of the F. Fisher prunes by you pay to the order of W. C. Kennedy Two thousand five hundred and thirty-eight and 12/100 dollars as payment in full for receipts Nos. 3 and 6, value received, and charge the same to account of                                    H. C. NEWBY.

"To George Frank & Co., San Jose, Cal.                  No. 4.

"Accepted, George Frank & Co.

"Nov. 2d, 1904.  Recd. $800.

"Jany. 19, '05.  Recd. $300.  Pay to Fiacro Fisher.

"W. C. KENNEDY."

Judgment was prayed for the balance of $1,438.12 remaining due upon the draft after deducting the payments that had been made thereon.  The case was tried before the court, and findings filed, upon which judgment was ordered entered in favor of plaintiff.  Defendant made a motion for a new trial, which was denied.  This appeal is from the judgment and the order denying a new trial.

It is claimed that the court erred in denying defendant's motion for a nonsuit, and further, that the evidence does not support the finding of the court in regard to the delivery of the prunes, which finding is as follows: "That all the Fisher prunes referred to in said draft or contract, and mentioned in receipts 3 and 6 therein referred to, were in pursuance of agreement with H. C. Newby duly delivered to H. C. Newby at Coyote station, and were cured and dried by him, and were then by him duly shipped to and received by said George Frank; and that the whole of said prunes were so received by him on and before August 17th, 1905." As each of the alleged errors goes to the sufficiency of the evidence, and involves the question as to the construction of the draft, we will discuss them together.

Plaintiff had sold the prunes represented by receipts Nos. 3 and 6 to H. C. Newby.  Receipt No. 3 was to the effect that Newby had received from plaintiff 145,198 pounds of green prunes at the price of $23 per ton.  Receipt No. 6 was to the effect that Newby had received 110,291 pounds of green prunes at $23 per ton.  The amount due plaintiff for the prunes represented by both receipts was $2,938.12, but as $400 had been paid to him before the bill of exchange was drawn or accepted it was drawn for the balance of $2,538.12.

The acceptance of the draft by defendant was in effect an agreement upon his part to pay the amount stated therein upon the receipt of the Fisher prunes represented by the two receipts. There is evidence to sustain the finding of the court that the prunes represented by the receipts were delivered to and received by defendant. It would serve no useful purpose to quote the evidence. Conceding that there was some conflict, we cannot disturb the finding upon this ground. The trial court heard the evidence, and passed upon the motion for a new trial. All presumptions are in favor of the correctness of its findings and conclusions.

It is urged by the appellant that the court failed to find upon the issue raised by appellant's answer, to the effect that the Fisher prunes, that is, the entire crop of the Fisher prunes, were not delivered to defendant. We are of opinion that the finding of the court in regard to the prunes represented by the draft, which referred to receipts 3 and 6, was all the finding that was necessary. If the prunes represented by said receipts were delivered—and there is evidence to show that they were, and the court found that they were—then, as before said, the defendant became responsible for the amount of the draft which he had accepted. It became immaterial as to any other portion of the crop of prunes raised by Fisher, and the findings covered the issues before the court.

We do not think there is any error in the respects claimed by appellant, and the judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 27, 1908.